DINGLEY and Others v. GREENE and Others.

No. 8788; February 23, 1885.

6 Pac. 81.

Building Contract—Construction of Provisions.—A condition in a building contract that "should the contractor at any time during the progress of the work refuse or neglect to supply a sufficiency of material or workmen, the owner shall have power to provide mate-

1 Cited with approval in United States Consol. Seeded Raisin Co. v. Chaddock & Co., 173 Fed. 579, 97 C. C. A. 527, which holds that a stipulation, if based on a valid consideration, to refrain from appeal from the judgment about to be had in a suit between the parties will be enforced.

Cited and approved in Hibernia Sav. Society v. Waymire, 152 Cal. 288, 92 Pac. 646, holding that by consenting to the giving of judgment to his adversary, a party deprives himself of all right to appeal.

rials or workmen, after one day's notice in writing being given to finish said work, and the expense shall be deducted from the amount of the contract," does not require that the owner shall, on default of the contractor, either finish the work in his place, or wait until the time has expired when the contract was to be finished under the agreement, and then proceed against the contractor for damages. The owner may, instead, enter into an independent contract for the completion of the work.

APPEAL from the Superior Court of the City and County of San Francisco.

Walter Van Dyke for appellants; McAllister & Bergin for respondents.

By the COURT.—1. There was sufficient evidence to justify the findings that the only persons interested in the contract between McCann and defendant Greene were the parties to that contract.

2. It was stipulated that certain averments should be considered to be incorporated in the complaint, and denials of them considered to be inserted in the answer. The averments are: "The defendant Greene paid to defendant McMeekan the sum of three thousand dollars, or thereabouts, before the same became due under his contract, and with full notice and knowledge on the part of said Greene of the claims and liens of said plaintiffs, and in fraud of their rights in the premises."

It is contended by appellant that the judgment should be reversed because the court below failed to find on the issue made by the denial of the foregoing allegations. But the issue is immaterial. There is no averment that when Greene paid McMeekan any sum due upon his contract she had notice of claims of plaintiffs, but that she had such notice when she paid an additional sum of three thousand dollars, or thereabouts, not due, and which, so far as appears, never became due to McMeekan.

3. It is urged that the contract between Greene and McMeekan was "nonforfeitable"; that by the terms of that contract it was provided, "should the contractor at any time during the progress of said works refuse or neglect to supply a sufficiency of material or workmen, the owner shall have

power to provide materials or workmen, after one day's notice in writing being given, to finish said works, and the expense will be deducted from the amount of the contract''; that by the terms of her contract she was limited to two courses of action: ''she must either wait until the time had expired when he had agreed to finish his contract, and then proceed against him for damages,'' or go on, in accordance with the clause quoted, ''and finish the buildings in the place of the contractor.''  Gillen v. Hubbard, 2 Hilt. C. C. P. (N. Y.) 303, is relied upon to sustain the view of counsel.  But that case only holds that when the owner has acted upon the clause of a contract ''and given the notice in writing,'' and finishes the building, he becomes the contractor pro hac vice, and cannot afterward claim from the contractor any greater deduction from the- contract price than the amount expended in completing the work.  In such case the building is completed under the original contract.  But the ''contractee,'' or owner, is not bound to substitute himself as contractor and assume all the contractor's obligations.  He may do so if he chooses, upon giving notice.  Here the defendant did not give such notice (assuming it might have been constructively served on the contractor, who had absconded), but having paid to him all she owed him, neither gave him notice that she would finish the buildings, nor waited until the time was ripe to sue him for breach of his contract.  She simply entered into an independent contract for the completion of the buildings.

Judgment and order affirmed.